UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**MENDEZ,**
                               **Plaintiff,**

        v.                                   **1:20-cv-09754-ALC**
                                         **ORDER**
**RHONEY, ET AL.,**

                              **Defendants.**

-----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __1/27/2021__

**ANDREW L. CARTER, JR., District Judge:**

On November 19, 2020, Defendants filed a Notice of Removal of an action from the Supreme Court of the State of New York, Bronx County. ECF No. 1. The action, Index Number: 29914/2019E, was initiated by filing a Summons and Complaint on or about August 23, 2019. ECF No. 1 ¶ 1. Pursuant to 28 U.S.C. Section 1446(c), "[a] case may not be removed [on the basis of diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *MontefioreMed. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). Though the removal was over one year after commencement of the action, Defendants contended removal was timely because Plaintiff "acted in bad faith by deliberately failing to provide information about the amount in controversy for over one year, in order to prevent a defendant from removing the action". ECF No. 1 ¶ 11.

"[C]ourts in this Circuit [have] granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Cruz v. Stop & Shop Supermarket Co., LLC*, No. 19-CV-11565 (RA), 2020 U.S. Dist. LEXIS 110290, 2020 WL 3430193, at *9 (S.D.N.Y. June 23, 2020) (citing *Nocelli v. Kaiser Gypsum Co.*, No. 19-CV-1980 (RA), 2020 U.S. Dist. LEXIS 9025, 2020 WL 230890, at *5 (S.D.N.Y. Jan. 15,

2020)). However, courts have found that delays by a plaintiff alone are not sufficient to show strategic behavior and, therefore, bad faith. *See e.g., Marin v. Sephora USA, Inc.*, No. 20 CIV. 3520 (CM), 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020); *Cruz v. Stop & Shop Supermarket Co., LLC*, No. 19-CV-11565 (RA), 2020 U.S. Dist. LEXIS 110290, 2020 WL 3430193, at *9 (S.D.N.Y. June 23, 2020); *Martinez v. Yordy*, No. 16 CIV. 005 (BMC), 2016 WL 8711443, at *3 (E.D.N.Y. Feb. 19, 2016). On December 1, 2020, the Court therefore issued an Order to Show Cause why this case should not be remanded for untimely removal. ECF No. 6.

The Parties replied to the Order to Show Cause on December 18, 2020 and January 4, 2021. ECF Nos. 7, 8. Plaintiff's response indicates that current counsel discussed the delay in providing an amount in controversy with former counsel. Based on that discussion, Plaintiff's current counsel admits that the delay by former counsel was motivated at least in part by an attempt to delay timely removal of this matter to federal court. In light of this admission, the Court concludes that Plaintiff acted in bad faith to prevent removal. The Court hereby excuses the delay in removal by Defendants. This resolves the Court's Order to Show Cause.

The Parties are ORDERED to file a joint status report by February 10, 2021.

**SO ORDERED.**
**Dated: January 27, 2021**
    **New York, New York**

_____
  **ANDREW L. CARTER, JR.**
  **United States District Judge**