# William Schwitzer & Associates, P.C.

379 SMITH ROAD
LAKE RONKONKOMA, N.Y. 11779

ATTORNEYS AT LAW
(Formerly known as Dinkes & Schwitzer, P.C.)

820 Second Avenue • New York, N.Y. 10017
Tel. 212/685-7800 • Fax 212/685-2356

WILLIAM SCHWITZER

BETH M. DIAMOND
JOHN C. MERLINO
MARC R. MAUSER

JONATHAN H. NOBLE
HOWARD R. COHEN
FRANK R. PUMAREJO-MARTIN
MICHAEL KRIGSFELD
PAMELA HARINSTEIN
RORY M. SHECTMAN
CHRISTINE DUCHATELLIER
DAVID A. ZACHARY
MICHAEL W. MAHAN
CHRISTOPHER W. DRAKE
TAYLOR B. GABLEHOUSE
VALERIE HERNANDEZ
STEVEN HOFFMAN
PRAGATI PANDEY
JOANNA J. LAMBRIDIS



November 24, 2021

Via ECF

Honorable James L. Cott
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

> <u>Re</u>: Mendez, Jullie M. v. David Rhoney and Electro Mechanical Technologies, Inc.
> Joint Status Letter
> <u>Docket Number</u>: 1:20-cv-09754-ALC-JLC

Honorable Cott,

Please allow the herein correspondence to serve as a joint status letter submitted on behalf of all parties to the subject action.

Per the last Court directive the parties have "until November 30, 2021 to complete fact discovery and until March 18, 2022 to complete expert discovery. The parties are free to work out all internal discovery deadlines". In addition, a telephonic settlement conferences is scheduled for occur on December 16, 20201 at 10:00 a.m.

Due to the holidays and other scheduling conflicts the parties have agreed, if/with the Court's approval, to complete deposition before the December 16, 2021 conference. The parties do not wish the adjourn the settlement conference or the expert discovery end date. Both parties' attorneys, as well as the Plaintiff and the insurance adjuster from the Defendant's carrier will be present/available for the phone conference.

Following depositions fact discovery should be mostly complete, with the exception of maybe some post EBT document or HIPAA Authorization demands based on the testimonies. Both parties, with the Court's permission would agree to continue with such remaining fact discovery simultaneous to the expert discovery period and deadline, so as to not prolong or delay a trial if necessary. All discovery will be completed prior to the expert discovery deadline so there would be no actual delays

of a trial.

The parties note and respond to the Courts inquiry in the last Order as to the amount of HIPAA authorizations in this matter that the reasons that there were so many HIPAA Authorizations is because the authorizations sought were for various prior/subsequent accident and specific medical providers same, identified on a claims search ISO report. There has not been any actual discovery disputes between the parties to date in that regard or any other regards and we continue to work cordially and cooperatively through the discovery phase.

In addition, the parties have begun initial settlement talks and will continue to do so in advance of the December 16, 2021 settlement conference so as to narrow down any issues, and/or if a settlement agreement is reached beforehand we will promptly notify the Court

The parties jointly reiterate that we are not seeking to extend any outlier dates for completion of all discovery and simply wish to exercise agreed upon internal discovery deadlines for both fact and expert discovery, to be completed in any event before the outlier date the Court provided for end of expert discovery. This request does not affect either parties' ability or desire to proceed with the settlement conference on December 16, 2021.

Both Plaintiff and defendants counsel thank Your Honor for your attention to this matter consideration of the above requests.

MICHAEL W. MAHAN FOR PLAINTIFF
William Schwitzer & Associates P.C.
820 Second Avenue-10th Floor
New York, New York 10017
(212) 683-3800
mmahan@wsatlaw.com

MATTHEW I. TOKER FOR DEEFENDANTS
White Werbel & Fino, LLP
30 Broad Street-38th Floor
New York, New York 10006
(212) 487-9700
MToker@wwfllp.com